IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30108 |
| | ) | |
| ROGER L. WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on September 25, 2006, for the sentencing of Defendant Roger L. Wilson.  Defendant Wilson appeared in person and by his attorney D. Peter Wise.  The Government appeared by Assistant U.S. Attorney Gregory Gilmore.  Defendant had previously waived indictment by a grand jury and agreed to proceed on the Information (d/e 1) filed December 20, 2005.  <u>Waiver of Indictment (d/e 2)</u>.  On March 29, 2006, the Court accepted Defendant's open plea of guilty to one count of Bank Fraud in violation of 18 U.S.C. § 1344 as alleged in the Information. The matter proceeded to sentencing.

The Court was in receipt of a revised Presentence Report (PSR), dated

1

September 12, 2006, prepared by the United States Probation Office. The Government had no objections to the PSR. Wilson objected to: (1) the amount of loss calculation, (2) the application of a two-level enhancement under U.S.S.G. § 2B1.1(b)(9)(C) for use of sophisticated means, and (3) the application of a two-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of private trust.

With respect to the amount of loss, the PSR calculated the amount of loss to be $1,661,926.71. As a result, the PSR recommended that Wilson receive a 16-level enhancement in offense level under U.S.S.G. § 2B1.1(b)(1)(I) because the amount of loss was more than $1 million but not more than $2.5 million. Wilson objected, arguing that the amount of loss, excluding interest, was more than $400,000.00 but not more than $1 million, which would result in a 14-level enhancement in offense level. See U.S.S.G. § 2B1.1(b)(1)(H). Wilson asserted that about half of the $1.6 million amount was interest. The Court recognized that Application Note 3(D) to U.S.S.G. § 2B1.1 provides that loss shall not include "interest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs." However, for reasons stated of record, the Court overruled Wilson's objection, noting that

Wilson's fraud was not limited to one occasion in which interest then accrued on a certain amount. Rather, the Court noted that Wilson was constantly moving money around in different accounts, creating accounts, closing them out, extending companies' lines of credit, and moving the money again to hide his fraudulent activities. The Court recognized that each time Wilson altered different accounts to hide his theft, he had a bigger balance to hide, which incorporated the prior interest. By the end, he was dealing with an amount that exceeded $1 million. Because Wilson essentially recommitted the fraud each time he manipulated the accounts, the Court included the entire amount in the calculation of the amount of loss.

Wilson's remaining two objections were related. He conceded that possibly the enhancement for abuse of position of trust would apply, but asserted that the application of both enhancements would result in improper stacking of penalties. The Court recognized that there was a relationship between the two enhancements. However, for reasons stated of record, the Court determined that both enhancements were proper in the present case and overruled Wilson's objections. In so doing, the Court noted the complicated means that Wilson used to hide the money and the scope of

the fraud. The Court also found that the Defendant's position at the bank afforded him great latitude to access accounts and to doctor the books, which facilitated the commission and the concealment of the offense and allowed the offense to continue for the length of time that it did (20 years). Indeed, the Court noted that the record reflected that Wilson was remarkably trusted within the community and within the bank and that his actions were given great credence by everyone at the bank.

There were no other objections, and thus, the Court accepted the PSR as written and adopted its findings. Wilson's base offense level was 7 under U.S.S.G. § 2B1.1(a)(1). He received a 16-level enhancement based on the amount of loss of $1,661,926.71. U.S.S.G. § 2B1.1(b)(1)(I). His offense level was increased by two-levels for utilizing sophisticated means under U.S.S.G. § 2B1.1(b)(9)(C) and by an additional two-levels under U.S.S.G. § 3B1.3 for abuse of a position of trust. Thus, Wilson's resulting adjusted offense level was 27. He received a three-level reduction in offense level for acceptance of responsibility for a final offense level of 24. U.S.S.G. § 3E1.1. Wilson had no criminal history points, placing him in Category I. An offense level of 24 and Criminal History Category I results in a U.S.S.G. sentencing range of 51 to 63 months imprisonment in Zone D of the

Guideline range.[1]

THEREFORE, after considering the case file, the PSR, the statements of counsel, the evidence submitted, Wilson's own statement, the applicable Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), for reasons stated of record, the Court sentenced Wilson to 51 months imprisonment to be followed by five years of supervised release. Wilson was ordered to pay a $10,000.00 fine within the first two years of his supervised release period and a $100 special assessment, due immediately. The Court found that restitution had been paid; thus, the Court did not order restitution. The Court allowed Wilson's request to self-report and directed that he report by noon on January 5, 2007. The Court advised Wilson of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER: September 27, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the U.S.S.G. are advisory, pursuant to United States v. Booker, 543 U.S. 220 (2005).